**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUCHITRA DEVI VAID,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br>Acting Attorney General,<br><br>Respondent. | No. 07-73449<br><br>Agency No. A072-399-535<br><br>MEMORANDUM[*] |
| SUCHITRA DEVI VAID,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br>Acting Attorney General,<br><br>Respondent. | No. 08-71218<br><br>Agency No. A072-399-535 |

On Petition for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted October 19, 2012

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

San Francisco, California

Before: FISHER, TALLMAN, and CALLAHAN, Circuit Judges.

Petitioner Suchitra Devi Vaid, a Fijian native of Indian descent, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her application for asylum and withholding of removal and the BIA's subsequent denial of her motion to reopen. The BIA affirmed the IJ's finding that Vaid failed to establish past persecution or a well-founded fear of persecution on account of her Indian ethnicity. Additionally, the BIA denied Vaid's motion to reopen for adjustment of status or changed country conditions because she failed to present an immediately available visa as required for an adjustment status and failed to show materially changed country conditions. The petitions for review are denied.[1]

**1.** The BIA's findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). To establish past persecution Vaid must show: (1) incidents that rise to the level of persecution, (2) that the persecution is based on a protected ground, and (3) that the government was unwilling or unable to control the private actors responsible for the persecution. *Sinha v. Holder*, 564

---

[1] Because the parties are familiar with the facts and procedural history we do not restate them here except as necessary to explain our decision.

F.3d 1015, 1020 (9th Cir. 2009). Vaid's allegations of sexual harassment, stones thrown at her car, denial of a promotion, and an attempted assault at work, even when considered cumulatively, fall far short of compelling a finding of persecution. *Compare Prasad v. INS*, 101 F.3d 614, 617 (9th Cir. 1996), *with Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995). Furthermore, Vaid failed to demonstrate a well-founded fear of future persecution because she failed to establish past persecution and offered no persuasive evidence of future persecution. *Lolong v. Gonzales*, 484 F.3d 1173, 1180 (9th Cir. 2007). Thus, Vaid has failed to make the compelling showing necessary for relief.

2. The BIA's denial of a motion to reopen is reviewed for an abuse of discretion. *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir. 2003). A motion to reopen for adjustment of status requires the petitioner to show that she has made an application for such adjustment, she is eligible to receive an immigrant visa, and an immigrant visa is readily available to her at the time her application is filed. 8 U.S.C. § 1255(a); 8 C.F.R. § 1003.2. Vaid did not establish prima facie eligibility for adjustment of status because she did not present an immediately available visa. Therefore, the BIA did not abuse its discretion by denying Vaid's motion to reopen for an adjustment of status.

**3.** A motion to reopen for changed country conditions requires the petitioner to provide evidence of country conditions that are materially different than those provided originally and are linked to her particular circumstances. 8 U.S.C. § 1158(a)(2)(D). Vaid's evidence of continued instability and inter-ethnic tension in Fiji, as demonstrated by the 2006 coup, is neither significantly different from the inter-ethnic violence described in her original application nor is it linked to her particular circumstances. Therefore, the BIA did not abuse its discretion by denying Vaid's motion to reopen for changed country conditions.

The petition for review is **DENIED**.